[No. 26100-2-I.    Division One.    May 4, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK RAY
AUSTIN, *Appellant.*

*Rita Griffith* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Terri Luken, Deputy,* for respondent.

WEBSTER, A.C.J. — Frank Ray Austin, a juvenile, appeals his conviction of harassment and reckless endangerment.

## FACTS

Austin was originally charged with harassment under RCW 9A.46.020. The information was subsequently amended to add two additional counts of reckless endangerment under RCW 9A.36.050. At trial, before a juvenile court commissioner, the State's complaining witness, Ryan Hickey, testified that on June 19, 1989, he was standing in the street in front of his home when Austin "drove his car and swerved [within 5 feet of] me". Hickey further testified that approximately 15 minutes later Austin drove by again, approaching at "about 40 miles an hour", slowed, and then rolled down his window and stated "[c]ome on, boy, let's fight" while pulling out a knife.[1] Austin testified that Hickey was standing in the middle of the road with a baseball bat and that he drove over the center line because he did not want Hickey to hit his mother's car with the bat. Austin further stated that he neither stopped the car nor showed Hickey a knife that day and that Hickey had threatened him in the past. The court commissioner, finding Austin guilty on all three counts, stated:

> I find[,] as a matter of fact, that *[Austin] did swerve his car at the victim, and did cross the center line on two occasions,* doing that at high rates of speed in a residential area. And *that that did constitute Reckless Endangerment* on both of those counts.

---

[1] Hickey, in his original police statement given 20 minutes after the incident, did not mention that Austin swerved his car toward him. Hickey's explanation of the omission was that he did not think Austin would hit him. Hickey also omitted the fact that he had a baseball bat with him at the time of the incident. Furthermore, on cross examination, Hickey admitted that he had once threatened Austin. Michelle Lowrie testified that Hickey had a reputation in the community for not being truthful.

> I also find as a matter of fact that *[Austin] did pull a knife and threatened to cause bodily harm* to the victim. And *that constitutes the crime of Harassment.*

(Italics ours.)[2]

## DISCUSSION

■ We first decide whether there was sufficient evidence to support the harassment charge. To be convicted of harassment the actor must "knowingly threaten[] [t]o cause bodily injury in the future". RCW 9A.46.020(1)(a)(i).[3] Here, the findings establish that Austin rolled down the car window, said "come on, boy, let's fight", and pulled out a knife. The court commissioner concluded this evidence established the crime of harassment. However, pulling a knife and saying "let's fight" does not constitute a threat to do *future* harm. Therefore, since there was no threat to cause bodily injury in the *future*, we find that the evidence was insufficient to support the harassment conviction.

■ We next decide whether reversal is justified as to the remaining charge of reckless endangerment. Under RCW 9A.36.050, a person is guilty of reckless endangerment "when he recklessly engages in conduct . . . which creates a substantial risk of death or serious physical injury to another person." Austin correctly claims that the juvenile court commissioner erred by failing to make findings (either written or oral) as to the mens rea element of intent or whether the conduct created a substantial risk of death or serious bodily injury. Normally, when the trial court fails to enter a finding as to an element of the crime charged "[v]acation and remand, not reversal, is the appropriate disposition". *State v. Jones*, 34 Wn. App. 848, 851,

---

[2] On revision before the Superior Court one of the two endangerment counts (count 2) was dismissed.

[3] Under the only subsection of RCW 9A.46.020 which Austin was charged with violating, a person is guilty of harassment if:

"(a) Without lawful authority, the person knowingly threatens:

"(i) To cause bodily injury in the future to the person threatened or to any other person; [and]

" . . . .

"(b) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out."

664 P.2d 12 (1983). However, if the record is devoid of any evidence to support the omitted finding, then reversal is appropriate, since to allow either party to present additional evidence would violate the double jeopardy clause by giving the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. *State v. Souza*, 60 Wn. App. 534, 540-41, 805 P.2d 237, *review denied*, 116 Wn.2d 1026 (1991);[4] *see also Burks v. United States*, 437 U.S. 1, 11, 57 L. Ed. 2d 1, 98 S. Ct. 2141 (1978) ("[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding").

■ We find that remand to the trial court to make the appropriate finding is the appropriate disposition. First, the element of intent is not needed for the crime of "reckless endangerment" since the mens rea element of that crime is recklessness. Second, the record is not devoid of evidence to support the omitted finding regarding the element of whether the conduct created a substantial risk of death or serious injury since that element may be inferred from the objective evidence of Austin's driving. *See State v. Shelton*, 71 Wn.2d 838, 839, 431 P.2d 201 (1967); *State v. Gallo*, 20 Wn. App. 717, 729, 582 P.2d 558, *review denied*, 91 Wn.2d 1008 (1978). Therefore, since there is sufficient evidence in the record to permit the omitted finding of whether the conduct created a substantial risk of death or serious injury without the introduction of new evidence, remand for entry of the necessary finding does not violate the double jeopardy clause.

Austin's conviction for harassment is reversed, and his conviction for reckless endangerment is remanded.

KENNEDY, J., concurs.

---

[4]In *Souza* the court stated: "The insufficiency of the findings can be cured without the introduction of any new evidence. The defect is based entirely on the trial court's failure to enter formal findings on each element of the offense charged. *Since in our view there was sufficient evidence to permit the finding that was omitted, the proper remedy is vacation and remand* to permit entry of further findings if appropriate." (Italics ours.) *Souza*, at 541.

PEKELIS, J. — I concur in part and dissent in part. I concur in the majority's holding that there was insufficient evidence to support the harassment charge. However, I dissent from the majority's decision to remand the charge of reckless endangerment for entry of "the omitted finding". The trial court made specific findings about the defendant's driving, to wit: "[Austin] did swerve his car at the victim, and did cross the center line on two occasions, doing that at high rates of speed in a residential area." He concluded "that [this conduct] did constitute Reckless Endangerment on both of those counts."

I fail to see what finding is "omitted". Having made all necessary findings on the disputed facts, the trial court's conclusion suffices.