[No. 31966-3-I.   Division One.   November 28, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. KENDRICK
FITZGERALD BYNUM, *Appellant*.

*Rita J. Griffith* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Peter Johannes Stokstad, Deputy*, for respondent.

PER CURIAM. — Kendrick Bynum appeals several juvenile court convictions. He argues that the court's noncompliance with JuCR 7.11(d) requires reversal and dismissal of his convictions. We accelerate review pursuant to RAP 18.12 and affirm.

## I

Following a fact-finding hearing, 16-year-old Kendrick Bynum was convicted of eluding a police vehicle, driving without a valid operator's license and two counts of taking a motor vehicle. Bynum's appeal focuses solely on the eluding and driving without a valid permit convictions.

At the fact-finding hearing, Officer Willis testified that on August 29, 1992, he saw Bynum driving a Buick Regal. The officer recognized Bynum from recent contacts, including one approximately 3 weeks earlier in which Bynum was driving without a valid operator's license. Several other juveniles were in the car.

The officer followed the car. When Bynum changed lanes and made a right turn without signaling, the officer activated his lights. Rather than stopping, Bynum quickly crossed three lanes of traffic, moved into the oncoming lane of traffic and ran a red light at approximately 30 miles an hour. The officer activated his siren in order to alert the oncoming traffic "that they were about to get crunched". Bynum continued, again crossing into oncoming traffic. He jumped a curb and crashed into a fence, knocking out approximately 20 feet of fencing.

Upon his arrest, Bynum explained that he had been fighting for control of the car with his front seat passenger when he crashed into the fence. At trial, he testified that he was struggling with the front seat passenger while the officer was pursuing the car.

The State admitted a certified copy of Bynum's driving record, which indicated that on August 29, 1992, Bynum did not have a driver's license.

In his oral ruling, the judge explained in detail why Bynum's testimony was not credible. The judge then concluded:

> The totality of everything just leaves me with the impression that Kendrick has devised a response to the situation he finds himself in now but doesn't come across very persuasively, and I'm satisfied that the testimony of the officer does, and I'm

satisfied that he was in both vehicles, he knew they were stolen; that he was driving without a valid license and that he was attempting to elude the police officer, and he was on notice, he drove into the opposing lanes of traffic, and that it was clearly a violation of law in doing so, and it was with wanton and willful disregard for the life and safety of the persons — others who were oncoming in the northbound lanes.

The judge subsequently entered written findings and conclusions. The relevant findings and conclusions provide:

2. On August 29, 1992, Officer J. Willis of the Renton Police Department was in uniform on patrol in a marked police car when he saw respondent Kendrick Bynum driving a Buick Regal at the intersection of Sunset Boulevard and Harrington Street in Renton, King County, Washington. Officer Willis recognized the respondent from previous contact about three weeks earlier in which Officer Willis had confirmed that the respondent did not have a valid driver's license.

3. Officer Willis turned his car around and began following the respondent. The respondent quickly changed lanes without signaling and made an abrupt right turn without signaling. Officer Willis activated his overhead emergency lights, and positioned his car behind the respondent's car to initiate a traffic stop of the respondent. The respondent, who was initially in the curb lane, quickly crossed three lanes of traffic, moved into the oncoming lane of traffic and ran a red light at about 30 miles per hour at the intersection of Sunset and Edmons. Officer Willis was about two car lengths behind the respondent and activated his siren when the respondent ran the red light. The respondent continued driving southbound on Sunset Boulevard, crossed oncoming lanes of traffic, jumped the street curb on the opposite (east) side of the road and crashed into a fence. During his pursuit Officer Willis could see into the interior of respondent's car, and saw no signs of a struggle over control of the car.

### CONCLUSIONS OF LAW ON FACT FINDING

. . . .

3. The respondent is guilty beyond a reasonable doubt of the crime of Attempting to Elude a Pursuing Police Vehicle, as charged in count II of the First Amended Information.

. . . .

5. The respondent is guilty beyond a reasonable doubt of the crime of Driving without a valid Operators License as charged in Count IV of the First Amended Information.

## II

Bynum argues his convictions for eluding and driving without valid license must be reversed and dismissed be-

cause the trial court failed to enter written findings as to all essential elements. Under JuCR 7.11(d), a juvenile court judge must enter written findings that "shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision."

Bynum correctly argues, and the State implicitly concedes, that the court's written findings fail to address all essential elements. As to the eluding charge, the court failed to enter a finding that Bynum drove in a manner indicating a wanton or willful disregard for the lives or property of others.[1] As to the driving without a valid license charge, the court failed to enter findings regarding any of the elements.[2]

While the parties agree the court failed to comply with JuCR 7.11(d), they disagree regarding the appropriate remedy. Bynum argues the convictions should be reversed and dismissed. The State, relying on *State v. Souza*, 60 Wn. App. 534, 805 P.2d 237, *review denied*, 116 Wn.2d 1026 (1991), argues the case should be remanded for entry of the omitted findings.[3] We agree with the State that reversal and dismissal is appropriate only in those instances in which the record is devoid of evidence to support the omitted finding. *See State v. Austin*, 65 Wn. App. 759, 761-62, 831 P.2d 747 (1992). However, in light of the court's comprehensive oral ruling, we conclude it is unnecessary even to remand this matter to the trial court.

---

[1] RCW 46.61.024 provides in part: "Any driver of a motor vehicle who wilfully fails or refuses to immediately bring his vehicle to a stop and who drives his vehicle in a manner indicating a wanton and wilful disregard for the lives or property of others while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony."

[2] RCW 46.20.021(1) provides in part: "No person, except as expressly exempted by this chapter, may drive any motor vehicle upon a highway in this state unless the person has a valid driver's license issued to Washington residents under the provisions of this chapter."

[3] In *Souza*, this court held that, so long as the omitted finding(s) is due to apparent oversight and additional evidence is unnecessary, the appropriate remedy is to vacate the conviction and remand for entry of additional findings.

In a related area, we have held that although CrR 3.5 and 3.6 require entry of written findings and conclusions, failure to do so does not necessitate reversal where the court's comprehensive oral ruling is sufficient to allow appellate review. *State v. Smith*, 67 Wn. App. 81, 87, 834 P.2d 26 (1992), *modified on other grounds*, 123 Wn.2d 51, 864 P.2d 1371 (1993); *State v. Clark*, 46 Wn. App. 856, 859, 732 P.2d 1029, *review denied*, 108 Wn.2d 1014 (1987). Similarly, so long as no inconsistency exists, we have held that an appellate court may use the trial court's oral ruling to interpret written findings and conclusions. *State v. Moon*, 48 Wn. App. 647, 653, 739 P.2d 1157, *review denied*, 108 Wn.2d 1029 (1987). These rules make sense because the basic reason for requiring written findings and conclusions is to enable the appellate court to review the issues raised on appeal. *State v. McGary*, 37 Wn. App. 856, 861, 683 P.2d 1125, *review denied*, 102 Wn.2d 1024 (1984). In this case, for example, the single issue raised involves the court's failure to enter complete written findings. As a practical matter, therefore, the incomplete written findings do not interfere with our ability to review the case.

The court's oral ruling is comprehensive and includes findings on all essential elements. As to the eluding conviction, the judge expressly stated in his oral ruling that by crossing over into oncoming traffic, Bynum drove in a manner indicating a wanton or willful disregard for the lives of others. As to the second conviction, the court found that Bynum was driving without a valid license. In light of the oral decision, the court's noncompliance with JuCR 7.11(d) is inconsequential, making remand an unnecessary administrative detail.

We affirm.

Review denied at 126 Wn.2d 1012 (1995).