# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 69467-7-I |
| Respondent, | |
| v. | DIVISION ONE |
| D.L.N. (D.O.B. 11/28/1996), | UNPUBLISHED OPINION |
| Appellant. | FILED: September 16, 2013 |

LEACH, C.J. — D.L.N. appeals his convictions for two counts of robbery in the first degree, the second as an accomplice. He asserts the trial court erred in admitting hearsay evidence and lay opinion testimony. He also challenges the sufficiency of the evidence and the adequacy of the trial court's written findings under JuCR 7.11(d). Finding no error, we affirm.

## Background

On April 17, 2012, around 5:00 p.m., Brandon Parrish and his girl friend, Tawney Fournier, approached a group of six to eight individuals near the Kent library. Parrish "asked them about some pot." Some of the individuals said that they had marijuana and asked Parrish and Fournier to follow them to the Kent Transit Center about two blocks away to make the transaction. The group walked together to the transit center, with Parrish and Fournier walking together an "arm's length distance" behind them. Parrish and Fournier saw the group

members talking among themselves but could not hear their discussion. When they arrived at the transit center, the group members asked Parrish to take out his money to buy the marijuana. When Parrish took out a twenty dollar bill and a ten dollar bill, D.L.N. grabbed them and fled. Parrish immediately ran after him.

As D.L.N. grabbed the money from Parrish's hand, someone in the group also took Fournier's phone from her hand, and a different person punched her in the eye, causing her to fall to the ground. When Parrish caught up with D.L.N. near the transit center and demanded his money back, D.L.N. threatened him with a knife. Transit center security guard Phyllis Cratic intervened between them, and D.L.N. fled. Cratic called 911 and reported a robbery. Parrish caught D.L.N. again, and D.L.N. again pulled out a knife and waved it near Parrish's gut. Parrish then returned to Fournier. D.L.N. left the scene. At no time did D.L.N. ask for Cratic's or the police's help against Parrish or deny having Parrish's money.

The following day, April 18, 2012, police arrested D.L.N. They recovered a knife from D.L.N., which Cratic identified as the knife D.L.N. displayed the previous day. Following the arrest, D.L.N. waived his Miranda[1] rights and agreed to speak with Officer David Ghaderi. D.L.N. told Ghaderi that someone took money from Parrish and that he (D.L.N.) grabbed it and handed it off and that he

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

-2-

pulled his knife in self-defense when Parrish attacked him. D.L.N. later denied admitting to a crime or committing one.

After a fact finding hearing, the court found D.L.N. guilty as charged of two counts of robbery in the first degree: the first count for robbing Parrish and the second count as an accomplice in the robbery of Fournier. The court imposed a standard range sentence of 103-129 weeks on each count, to be served consecutively.

D.L.N. appeals.

## Analysis

### Recorded Recollection

D.L.N. argues that the trial court abused its discretion by admitting hearsay evidence under ER 803(a)(5) when the witness did not have insufficient memory to be able to testify fully about the matter. When the prosecutor questioned Parrish during fact finding, Parrish could not remember certain details of the day of the robbery and was unable to refresh his memory by reviewing his statement to police made two days after the incident. First, Parrish was unable to recall if anyone intervened after Parrish wrestled D.L.N. to the ground after chasing him, though he remembered other details of the incident. Second, Parrish did not remember if anyone followed him to the location where D.L.N. displayed the knife. The court allowed the prosecutor, over defense counsel's objection, to read into the record, "for substantive purposes," sentences from Parrish's statement to police about the details that Parrish could not recall.

D.L.N. argues that in admitting this hearsay, the court "committed evidentiary error" in violation of ER 803(a)(5).

Although hearsay is generally inadmissible,[2] ER 803(a)(5) provides an exception to the hearsay rule for

> [a] memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness'[s] memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

(Emphasis added.)

ER 803(a)(5) excludes a recorded recollection from the hearsay rule and allows its admission when

> (1) the record pertains to a matter about which the witness once had knowledge, (2) the witness has an insufficient recollection of the matter to provide truthful and accurate trial testimony, (3) the record was made or adopted by the witness when the matter was fresh in the witness's memory, and (4) the record reflects the witness's prior knowledge accurately.[3]

We review the admission of statements under ER 803(a)(5) for abuse of discretion.[4] "An abuse of discretion occurs only when no reasonable person would take the view adopted by the trial court."[5]

---

[2] ER 802.
[3] See State v. White, 152 Wn. App. 173, 183, 215 P.3d 251 (2009) (citing State v. Mathes, 47 Wn. App. 863, 867-68, 737 P.2d 700 (1987)).
[4] White, 152 Wn. App. at 183.
[5] White, 152 Wn. App. at 183-84.

D.L.N. first argues that Parrish did not have an insufficient recollection of "the matter" and thus cannot satisfy ER 803(a)(5)'s second requirement. D.L.N. asserts that ER 803(a)(5) allows reading a prior statement into the record only when the witness cannot remember the incident, and "not simply when the witness cannot recall and express the details of an incident in the way that the prosecutor believes the witness has previously done, and that the State deems most inculpatory." During fact finding, Parrish remembered his altercation with D.L.N. but could not recall details he gave police two days after the incident but five months before the adjudicatory hearing. He testified that he could not recall these details, even after reviewing his prior statement to police. D.L.N. does not dispute that the State established ER 803(a)(5)'s other three requirements.

D.L.N.'s argument lacks merit. ER 803(a)(5) provides an exception in cases where a witness cannot testify "fully" because of the gap between statements taken shortly after the incident and the witness's testimony at trial. A showing of incompleteness of recollection is sufficient to admit a statement under the rule. Because Parrish could not recall the details of the events "fully and accurately," the trial court properly admitted the evidence.

D.L.N. relies principally on State v. Floreck[6] to argue that the trial court should have excluded Parrish's earlier statement because Parrish had sufficient memory of the statement's subject. The court in Floreck, however, excluded the

---

[6] 111 Wn. App. 135, 43 P.3d 1264 (2002).

witness's statement not because of memory issues, but because the witness testified at trial that she lied in her earlier statement.[7] Thus, because the difference between the witness's trial testimony and an earlier taped statement could not be attributed to insufficient memory, ER 803(a)(5) did not apply.[8] Here, Parrish does not disavow his earlier statement, and insufficient memory explains his inability to testify fully to the events described in his earlier statement. Floreck is inapplicable.

Because a reasonable person could have found that all four requirements of 803(a)(5) were satisfied, we conclude that the court did not abuse its discretion in admitting this evidence.

Opinion Testimony

D.L.N. next contends that the trial court erred in allowing Parrish to testify to his opinion that the group members clearly knew each other. This testimony supported the State's theory of group planning and effort necessary to prove accomplice liability. D.L.N. argues that this testimony violated ER 602, because Parrish did not have personal knowledge of these matters, and ER 701, because he was "merely speculating."

ER 701 limits the testimony of nonexpert witnesses to

those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue, and (c)

---

[7] Floreck, 111 Wn. App. at 139-40.
[8] Floreck, 111 Wn. App. at 139-40.

-6-

not based on scientific, technical, or other specialized knowledge within the scope of rule 702.[9]

Trial advocates must lay a proper foundation for opinion testimony,[10] but the trial court has wide discretion to admit this testimony under ER 701.[11]

Here, the prosecutor asked Parrish, "Did it appear to you, based on your observations, that they knew each other, or not?" Parrish responded, "Absolutely," based on his observation that "they were all in a clique together, all talking amongst each other. . . . Any outsider would be able to obviously tell that these individuals knew each other."

The trial court did not err in admitting Parrish's testimony. The testimony was rationally based on his perceptions and observations. It was helpful for determining a fact in issue and did not constitute Parrish's opinion of D.L.N.'s guilt.[12] It was not based on specialized knowledge. Accordingly, the court did not abuse its discretion.

Sufficiency of the Evidence

D.L.N. also challenges the sufficiency of the evidence and findings to establish his guilt as an accomplice to robbery. Evidence is sufficient if, when viewed in a light most favorable to the State, it permits any rational trier of fact to

---

[9] See State v. Montgomery, 163 Wn.2d 577, 591, 183 P.3d 267 (2008).

[10] Montgomery, 163 Wn.2d at 592.

[11] State v. Kinard, 39 Wn. App. 871, 874, 696 P.2d 603 (1985).

[12] See Montgomery, 163 Wn.2d at 591 (listing areas inappropriate for opinion testimony at criminal trials, such as opinions as to the guilt or intent of the accused or the veracity of witnesses).

find the essential elements of the crime beyond a reasonable doubt.[13] A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences from that evidence.[14] A "reviewing court need not be convinced of the defendant's guilt beyond a reasonable doubt, but only that substantial evidence supports the State's case."[15] We do not review issues of credibility or persuasiveness of the evidence.[16]

To convict D.L.N. as an accomplice to robbery in the first degree, the State was required to prove beyond a reasonable doubt that (1) D.L.N. or another unlawfully took personal property from the person of another; (2) the taking was against the person's will by the use or threatened use of immediate force, violence, or fear of injury by D.L.N. or another; (3) the force or fear was used to obtain or retain the property or to prevent or overcome resistance to the taking;[17] (4) in the commission of these acts, D.L.N. or another inflicted bodily injury;[18] (5) with knowledge that it promoted or facilitated the commission of the crime; and (6) D.L.N. solicited, commanded, encouraged, or requested another to commit it, or aided or agreed to aid another in planning or committing the crime.[19] "Aid" means all assistance, including words, acts, encouragement, or

---

[13] State v. Green, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed .2d 560 (1979)).

[14] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[15] State v. Fiser, 99 Wn. App. 714, 718, 995 P.2d 107 (2000).

[16] Fiser, 99 Wn. App. at 719.

[17] RCW 9A.56.190.

[18] RCW 9A.56.200(1)(a)(iii).

[19] RCW 9A.08.020(3)(a).

support.[20]  For accomplice liability to attach, "the defendant must have knowledge of the specific underlying crime . . . , not simply knowledge of any crime, because we are not a strict accomplice liability state."[21]

D.L.N. contends that the trial court did not find he had the required knowledge that he was assisting a robbery.  He cites the court's conclusion of law 3(b), "The Respondent or another intended to commit theft of the property." (Emphasis added.)  In support, D.L.N. cites State v. Grendahl,[22] in which we held that the defendant could not be convicted as an accomplice to robbery if he intended that the principal commit only theft.

Grendahl is distinguishable.  The defendant in Grendahl waited in a getaway car and was not present when the principal Nauditt knocked down the victim to steal her purse.[23]  Nauditt's testimony was unclear about what he had discussed with Grendahl, and the jury was not presented with evidence that Grendahl knew Nauditt was planning to commit a robbery.[24]  By contrast, the trial court found here that the snatching of Parrish's money, the grabbing of Fournier's cell phone, and the punching of Fournier happened in the same place, almost simultaneously.  Substantial evidence shows that members of the group talked and acted together and that D.L.N. robbed Parrish.  Viewing the evidence in the

---

[20] State v. Ferreira, 69 Wn. App. 465, 471, 850 P.2d 541 (1993).

[21] State v. Sublett, 176 Wn.2d 58, 79 n.13, 292 P.3d 715 (2012).

[22] 110 Wn. App. 905, 910-11, 43 P.3d 76 (2002).

[23] Grendahl, 110 Wn. App. at 906.

[24] Grendahl, 110 Wn. App. at 907-08.

light most favorable to the State, a rational trier of fact could have found that D.L.N. was an accomplice to the robbery of Fournier.

<u>JuCR 7.11(d)</u>

Finally, D.L.N. claims that the court's findings are inadequate under JuCR 7.11(d), which requires that the juvenile court's findings state "the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision." Under this rule, the juvenile court in an adjudicatory hearing must enter formal findings of fact and conclusions of law as to each element of the offense charged.[25] The State concedes that the court did not find expressly that D.L.N. acted with "knowledge" in its written findings of fact and conclusions of law. This omission was erroneous.

When the record contains sufficient evidence to support the omitted finding, we may remand the case to permit entering further findings, if appropriate.[26] In <u>State v. Bynum</u>,[27] this court found that incomplete written findings did not interfere with the court's ability to review the case. We held that "in light of the [juvenile] court's comprehensive oral ruling, . . . it is unnecessary even to remand this matter to the trial court."[28]

Here, as in <u>Bynum</u>, we look to the trial court's oral ruling to interpret its written findings and conclusions. Although the trial court did not include an

---

[25] <u>State v. Souza</u>, 60 Wn. App. 534, 537, 805 P.2d 237 (1991).
[26] <u>Souza</u>, 60 Wn. App. at 541.
[27] 76 Wn. App. 262, 266, 884 P.2d 10 (1994).
[28] <u>Bynum</u>, 76 Wn. App. at 265.

-10-

express written finding that D.L.N. acted with "knowledge," the judge in her oral ruling stated that the evidence supported her finding of accomplice liability, though this finding was "more difficult." The court reiterated its finding that "[t]his was a group effort," based on the findings that this group was together before, during, and after the crimes, and the two robberies took place almost simultaneously. As in Bynum, the error of omission in the written findings is "inconsequential, making remand an unnecessary administrative detail."[29]

## Conclusion

Because the trial court did not abuse its discretion in admitting hearsay and opinion testimony, sufficient evidence supported the court's findings, and noncompliance with JuCR 7.11(d) was harmless error, we affirm.

_Leach, C.J._

WE CONCUR:

_Spearman, J._

---

[29] Bynum, 76 Wn. App. at 266.