IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30720-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DION TARIES JORDAN BAKER, | ) | UNPUBLISHED OPINION |
| aka DION T.J. BAKER, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Dion Baker was convicted in juvenile court of reckless endangerment. He appeals, arguing that (1) the criminal information misled him as to the consequences of conviction and (2) there was insufficient evidence to support his conviction.

The information properly disclosed the maximum sentence for the crime. We are unable to decide Mr. Baker's challenge to the sufficiency of the evidence without the findings required by JuCR 7.11(d), however. We therefore exercise our discretion to "take any other action as the merits of the case and the interest of justice may require" and remand for entry of findings and conclusions by the trial judge. RAP 12.2; *see* RAP 12.3(b).

FACTS AND PROCEDURAL BACKGROUND

Mr. Baker was 12 years old when he was charged with reckless endangerment and, in the alternative, disorderly conduct, for throwing an object at a passing vehicle. The information advised him that the maximum penalty for reckless endangerment was 364 days' imprisonment and/or a fine of $5,000. It advised him that the maximum penalty for disorderly conduct was 90 days' imprisonment and/or a fine of $1,000.

The matter proceeded to a bench trial. The driver of the truck targeted by Mr. Baker, Robin Myers, testified that he was driving on Ahtanum Road in Yakima County, at or around the posted speed limit of 50 miles per hour, when he saw Mr. Baker running toward the road. It appeared to Mr. Myers that the boy was going to run onto the road, so he applied his brakes and moved toward the centerline. The driver of an oncoming vehicle honked in reaction to this apparent intrusion into their lane, so Mr. Myers moved back off the centerline into his own lane. As he moved back into the lane, something hit the canopy of his truck behind the passenger window. Following the impact to the canopy, Mr. Myers slowed down and pulled over to the shoulder of the road.

Jack Phelps, a passenger in Mr. Myers's truck testified that he, too, had seen Mr. Baker and another youth running toward the shoulder on the right side of the road and that Mr. Baker, who was closest to the road, had a plastic grocery sack in his hands. As Mr. Myers's truck passed, Mr. Baker swung the bag back and then threw it, sidearm, toward the truck. After Mr. Myers pulled over and the two men got out of the truck to

2

assess what had happened, they saw Mr. Baker and his companion run off and saw that the contents of the grocery sack—apples or some other produce—had left a brown stain on the canopy. Mr. Phelps testified that the conditions were clear, traffic was light, no other cars had to stop or swerve, and no damage was done to the canopy.

The juvenile court found that Mr. Baker's actions created a substantial risk of death or serious physical injury and convicted him of reckless endangerment. It sentenced him to two days' detention and imposed a penalty of $100 and attorney fees of $25. Mr. Baker appeals.

## ANALYSIS

### I

Mr. Baker first argues that the information filed by the State erroneously stated that the maximum penalties he could face on conviction were respectively, 364 or 90 days in jail, and a fine of $5,000 or $1,000. The juvenile court repeated these maximum consequences at his first appearance. Mr. Baker contends that contrary to the information, the maximum penalty he faced as a 12-year-old was local sanctions. While not specifying exactly what he would have done differently had local sanctions been identified as the maximum consequence, Mr. Baker argues that the overstated maximum sentence "preclude[d] an intelligent decision whether to exercise the right to trial." Br. of Appellant at 2.

3

"An information [in a juvenile case] shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall be signed by the prosecuting attorney and conform to chapter 10.37 RCW." RCW 13.40.070(4). RCW 10.37.052 provides that an information must contain the title of the action and "[a] statement of the acts constituting the offense, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." CrR 2.1(a)(1) includes a further requirement that the information state for each count the official or customary citation of the statute the defendant is alleged to have violated. In addition to these requirements imposed by statute and rule, it is "[a]xiomatic in Washington law . . . that the charging document must 'allege facts supporting every element of the offense' in order to be *constitutionally* sufficient." *State v. Goodman*, 150 Wn.2d 774, 786, 83 P.3d 410 (2004) (emphasis omitted and added) (quoting *State v. Leach*, 113 Wn.2d 679, 689, 782 P.2d 552 (1989)).

Mr. Baker identifies no authority requiring that the information identify the maximum sentence imposed for the crimes charged. He relies instead on cases in which defendants have been allowed to withdraw a guilty plea because of misinformation about the potential consequences of conviction. The rationale for allowing withdrawal of the plea in such cases is the constitutional requirement, reflected in court rules, that a defendant's guilty plea be knowing, voluntary, and intelligent, including as to the consequences of the plea—the statutory maximum sentence for the crime being one.

4

*State v. Weyrich*, 163 Wn.2d 554, 556-57, 182 P.3d 965 (2008); CrR 4.2(d).

We need not decide whether misleading surplusage in a charging document can be challenged on appeal, however, because the maximum sentences identified in the information were correct.

RCW 13.40.0357, dealing with juvenile offender sentencing standards, contemplates two general types of consequences for juveniles adjudicated of offenses. Local sanctions (or LS for short) is one. Confinement to a juvenile rehabilitation administration facility (JRA) and the custody of the Department of Social and Health Services is the other. WASH. STATE CASELOAD FORECAST COUNCIL, 2012 WASHINGTON STATE JUVENILE DISPOSITION GUIDELINES MANUAL § 1, at 7-8 (Rev. 20130625). Local sanctions are community based consequences, under which the juvenile remains in the community or is released after a short stay in the local juvenile detention facility. *Id.* "Local sanctions" is defined by RCW 13.40.020(17) to mean "one or more of the following: (a) 0-30 days of confinement; (b) 0-12 months of community supervision; (c) 0-150 hours of community restitution; or (d) $0-$500 fine."

There are five statutory options for sentencing a juvenile adjudicated of an offense: sentencing options A, B, C, D, and RCW 13.40.167. RCW 13.40.0357. Option A, the standard range, is the most common disposition option in juvenile court and is considered the presumptive sentence based on a juvenile's age and type of offense committed. GUIDELINES MANUAL, *supra*, at 10. For purposes of the juvenile sentencing

5

grid set forth in RCW 13.40.0357, crimes are categorized by the seriousness of the offense of adjudication, with class A being the most serious and class E being the least serious. Reckless endangerment is a class D+/E offense. Given that offense category, local sanctions is the presumptive sentence for reckless endangerment regardless of a juvenile's criminal history.

Nonetheless, the juvenile court is authorized to impose a disposition outside the standard range under option D anytime it determines that a disposition under option A, B, or C "would effectuate a manifest injustice." RCW 13.40.0357. If the juvenile court had found that sentencing Mr. Baker under option A would effectuate a manifest injustice, it was authorized to sentence him to as much as the statutory maximum of 364 days' imprisonment and a $5,000 fine.[1] *See* RCW 9A.20.021(2).

We note, finally, that when a defendant challenges a charging document for the first time on appeal, the document will be liberally construed in favor of its validity. A defendant in such a case must be able to demonstrate that the charging document resulted in actual prejudice by inartful language that deprived him of notice. *State v. Kjorsvik*, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991). Mr. Baker has made no showing that he relied upon the charging document in determining whether to go to trial, let alone that he

---

[1] RCW 13.40.160(11) provides, "In no case shall the term of confinement imposed by the court at disposition exceed that to which an adult could be subjected for the same offense."

6

ever enjoyed an option to resolve the charges against him on a basis more favorable than the sentence imposed following the trial. His appeal fails for this additional reason.

II

Mr. Baker's second challenge is to the sufficiency of the evidence to support his conviction. A challenge to the sufficiency of the evidence presented at a bench trial requires us to review the trial court's findings of fact and conclusions of law to determine whether substantial evidence supports the challenged findings and whether the findings support the conclusions. *State v. Homan*, 172 Wn. App. 488, 490, 290 P.2d 1041 (2012), *review granted*, 177 Wn.2d 1022 (2013).

In a juvenile case that is appealed, the court shall enter written findings and conclusions, stating the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision. JuCR 7.11(d). It is the responsibility of the prosecution to submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal. Although there is authority for relying on a juvenile court's comprehensive oral ruling in lieu of the findings and conclusions contemplated by the rule, *see State v. Bynum*, 76 Wn. App. 262, 266, 884 P.2d 10 (1994), we conclude that the written findings and conclusions required by the rule are needed to resolve this assignment of error.

We retain jurisdiction and remand for the trial judge to enter findings and conclusions based only on the evidence already presented. The parties may (but need

7

No. 30720-4-III
*State v. Baker*

not) file supplemental briefing addressing the sufficiency of evidence issue in light of the

findings and conclusions entered by the court.

A majority of the panel has determined that this opinion will not be printed in the

Washington Appellate Reports but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, J.

WE CONCUR:

Korsmo, C.J.

Fearing, J.

8