# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51786-8-II |
| Respondent, | |
| v. | |
| S.R., | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — S.R. appeals her adjudications for vehicle prowling and making a false statement to police. S.R. argues the juvenile court erred when it failed to state in its written findings of fact the evidence that it relied on in finding an essential element of the charged crime. The State concedes this error. We agree and remand to the juvenile court for revision of its findings of facts.

## FACTS

On November 24, 2017, Savannah O'Malley looked out her kitchen window and saw a girl, later identified as fifteen-year-old S.R., rummaging around in O'Malley's car, and then leaving on a bicycle. Sergeant Elizabeth Morris of the Pierce County Sheriff's Department was dispatched, and searched the area for a girl matching the description provided by O'Malley. About two blocks from O'Malley's home, Sergeant Morris observed S.R. sitting on a bicycle looking into a truck with a flashlight. Sergeant Morris made contact with S.R. and asked her name. S.R. told Sergeant Morris that her name was "Alisa Flood." Verbatim Report of Proceedings (March 13, 2018) at 26. Sergeant Morris arrested and searched S.R. and found two knives, some change, and two speakers in her possession.

The State charged S.R. with one count of second degree vehicle prowling and one count of providing a false statement to a public servant. Following a bench trial in juvenile court, the court found S.R. guilty of both charges. The juvenile court entered the following relevant findings of facts and conclusions of law:

V.

At, approximately 3:00 in the morning, Ms. O'Malley observed a "light complected" female wearing a dark hoodie, walk up her driveway, rummage through her car, and later ride away on a bicycle.

VI.

Ms. O'Malley did not know the woman and had not given anyone permission to enter her vehicle.

VII.

Police were called and contacted a female on a bicycle in the area, matching the description provided by Ms. O'Malley.

VIII.

Ms. O'Malley was brought to the location and positively identified the female contacted by police as the same female who was earlier seen in her car.

IX.

Ms. O'Malley's identification was based on the clothing, complexion, and build of the female contacted.

X.

There were no other persons in the area at that time of the morning.

XI.

When asked, the respondent identified herself as Alissa Hood.

XII.

The respondent's true identity was determined and the respondent was arrested and taken to Remann Hall.

Clerk's Papers at 17-18.  The court entered the following conclusions of law:

I.

That the Court has jurisdiction of the parties and subject matter.

II.

That [S.R.] is guilty beyond a reasonable doubt of the crime of Vehicle Prowl in the Second Degree on November 24, 2017.

That [S.R.] is guilty beyond a reasonable doubt of the crime of Making a False or Misleading Statement to a Public Servant on November 24, 2017.

CP at 18.

ANALYSIS

S.R. argues that the juvenile court erred in its written findings of fact and conclusions of law.  Specifically, S.R. argues that the juvenile court's findings of fact and conclusions of law are inadequate because the findings do not contain a finding on the element of intent, and they do not state the ultimate facts that the court relied on to find intent.  She requests we remand her case to the juvenile court for entry of findings on evidence already heard.  The State concedes this error, and agrees with the remedy sought.

A juvenile court judge must enter written findings that "shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision." JuCR 7.11(d); *State v. Bynum*, 76 Wn. App. 262, 265, 884 P.2d 10 (1994).  When the record contains sufficient evidence for a rational trier of fact to find the necessary element, remand to the trial court for revision of findings to adequately state ultimate facts is appropriate.  *State v. Alvarez*, 128 Wn.2d 1, 19, 904 P.2d 754 (1995).

"A person is guilty of vehicle prowling in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a vehicle other than a motor home." RCW 9A.52.100(1).

Here, the court's findings of fact and conclusions of law are devoid of any discussion regarding S.R.'s intent, an essential element of the vehicle prowling charge. Because the findings and conclusions failed to address this essential element of the crime, the juvenile court erred. Because the proper remedy is remand, we remand to the juvenile court for entry of findings of facts as to each element of the vehicle prowling charge.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, C.J.

_____
Melnick, J.