[No. 42529-7-II.   Division Two.   December 18, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. RUSSELL D. HOMAN, *Appellant*.

*Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.
*Jonathan L. Meyer, Prosecuting Attorney*, and *Sara I. Beigh, Deputy*, for respondent.

¶1 BRIDGEWATER, J.[*] — Russell David Homan appeals his luring conviction, arguing that the State produced insufficient evidence to support his conviction and that the luring statute, RCW 9A.40.090, is unconstitutionally overbroad. Because the evidence is insufficient to support Homan's conviction for luring, we reverse and remand for dismissal with prejudice.

FACTS

¶2 Early one summer evening, nine-year-old C.C.N. went to the store to buy some milk for his mother. He was walking along the road toward the general store when Homan rode a child's Superman BMX bicycle past him. As Homan rode by, he said, "Do you want some candy? I've got

[*] Judge C.C. Bridgewater is serving as judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

some at my house." Report of Proceedings at 36. C.C.N. said nothing and continued walking; Homan rode on without slowing, stopping, or looking back. There were two other children nearby, but Homan was closest to C.C.N. when he spoke.

¶3 C.C.N. did not know Homan and told his mother about the incident when he got home. She drove him back into town where they saw Homan on his Superman bicycle. C.C.N.'s mother called the sheriff's office, and Sergeant Robert Snaza spoke with Homan, who admitted riding his bicycle in the general store's vicinity.

¶4 The State charged Homan with one count of luring. During his bench trial, Homan moved for dismissal based on insufficiency of the evidence. The trial court denied his motion and found Homan guilty as charged. After denying Homan's motion for reconsideration, again based on a sufficiency challenge, the trial court imposed a standard range sentence of 120 days.

ANALYSIS

Sufficiency of the Evidence

■■ ¶5 Homan argues initially that the evidence was insufficient to support his conviction. A challenge to the sufficiency of the evidence presented at a bench trial requires us to review the trial court's findings of fact and conclusions of law to determine whether substantial evidence supports the challenged findings and whether the findings support the conclusions. *State v. Stevenson*, 128 Wn. App. 179, 193, 114 P.3d 699 (2005). We review challenges to a trial court's conclusions of law de novo. *State v. Gatewood*, 163 Wn.2d 534, 539, 182 P.3d 426 (2008). Evidence is sufficient to support a conviction if, after viewing the evidence and all reasonable inferences from it in the light most favorable to the State, a rational trier of fact could find each element of the crime proved beyond a

reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

¶6 Under RCW 9A.40.090, a person commits the crime of luring if the person:

(1)(a) Orders, lures, or attempts to lure a minor or a person with a developmental disability into any area or structure that is obscured from or inaccessible to the public or into a motor vehicle;

(b) Does not have the consent of the minor's parent or guardian or of the guardian of the person with a developmental disability; and

(c) Is unknown to the child or developmentally disabled person.

(2) It is a defense to luring, which the defendant must prove by a preponderance of the evidence, that the defendant's actions were reasonable under the circumstances and the defendant did not have any intent to harm the health, safety, or welfare of the minor or the person with the developmental disability.

(3) For purposes of this section:

(a) "Minor" means a person under the age of sixteen;

(b) "Person with a developmental disability" means a person with a developmental disability as defined in RCW 71A.10.020.

(4) Luring is a class C felony.

¶7 As pertinent here, RCW 9A.40.090 is intended to prohibit a defined class of persons (one unknown to the minor and without the consent of the minor's parents) from enticing or attempting to entice the minor into a nonpublic structure. *State v. Dana*, 84 Wn. App. 166, 172, 926 P.2d 344 (1996), *review denied*, 133 Wn.2d 1021 (1997). "Because of the vulnerability of children . . . strangers are prohibited from luring them out of public view." *Dana*, 84 Wn. App. at 173. To prove the crime of luring, the State must establish "more than an invitation alone; enticement, by words or conduct, must accompany the invitation." *State v. McReynolds*, 142 Wn. App. 941, 948, 176 P.3d 616 (2008).

¶8 In *McReynolds*, the defendant's act of slowing his truck beside a child walking along a road and signaling her to come over was insufficient to prove that he was attempting to get her into the truck, and Division Three of this court reversed his conviction for luring. *McReynolds*, 142 Wn. App. at 944, 948. In *Dana*, by contrast, the defendant stopped his car near two girls and asked them to get into his car while exposing his genitals. *Dana*, 84 Wn. App. at 169-70. That the girls were upset rather than enticed did not undermine the sufficiency of the evidence supporting the defendant's luring conviction. *Dana*, 84 Wn. App. at 179.

¶9 In concluding that Homan committed the crime of luring, the trial court made these findings of fact:

> 1.3 While C.C.N. was walking on Stevens Rd. toward the Doty General Store, the Defendant rode a bicycle past C.C.N. while traveling in the same direction as C.C.N. C.C.N. did not notice the Defendant until he passed by on the bicycle. While riding past C.C.N., the Defendant asked C.C.N., "do you want some candy? I've got some at my house." C.C.N. did not say anything in response and continued to walk toward the store. The Defendant continued to ride his bike away from C.C.N. and did not look back at C.C.N. During the encounter, C.C.N. observed that the Defendant was riding a bike with a superman logo on the front.

> 1.4 Prior to this encounter, C.C.N. had never spoken to the Defendant, did not know the Defendant's name, and did not know where the Defendant lived. [C.C.N.'s mother] had never met the Defendant, had never spoken to the Defendant, and had never given the Defendant permission to speak with C.C.N. or to invite C.C.N. to the Defendant's house.

Clerk's Papers at 4.

¶10 We disagree with the State that Homan's statements demonstrate both an invitation and an enticement to lure C.C.N. into a nonpublic structure. Rather, they show an offer of candy and a statement regarding its location. Furthermore, there is no conduct that elevates these statements to either an invitation or an enticement. Homan was

riding by C.C.N. as he made the statements, and he did not slow or stop as he made them or even look back afterward. While Homan's statements were ill-advised, they did not constitute a felony, and we remand to the trial court to reverse his conviction with prejudice.

¶11 Our resolution of Homan's sufficiency challenge makes it unnecessary to address his overbreadth argument. *See State v. Hall*, 95 Wn.2d 536, 539, 627 P.2d 101 (1981) (reviewing courts should not pass on constitutional issues unless absolutely necessary to the determination of the case). Accordingly, we reverse and remand for dismissal with prejudice.

Van Deren, J., concurs.

¶12 Hunt, J. (dissenting) — I respectfully dissent from the majority's holding that the evidence is insufficient to support Homan's conviction for luring. Looking at the facts in the light most favorable to the State post conviction, as we must, (1) Homan, a stranger, attempted to lure a nine-year-old child to his house; (2) he enticed this child, walking home from the store without an adult, with an offer of candy; (3) this conduct meets the requirements of luring under RCW 9A.40.090. I would affirm Homan's conviction.

¶13 RCW 9A.40.090 provides, in pertinent part:

A person commits the crime of luring if the person:

(1)(a) [A]ttempts to lure a minor or a person with a developmental disability into any area or structure that is obscured from or inaccessible to the public or into a motor vehicle;

(b) Does not have the consent of the minor's parent or guardian or of the guardian of the person with a developmental disability; and

(c) Is unknown to the child or developmentally disabled person.

. . . .

(3) For purposes of this section:

(a) "Minor" means a person under the age of sixteen;

(b) "Person with a developmental disability" means a person with a developmental disability as defined in RCW 71A.10.020.

(4) Luring is a class C felony.

The majority holds that Homan's asking the child, " '[D]o you want some candy? I've got some at my house' " is insufficient to constitute luring under this statute. Majority at 492 (quoting Clerk's Papers at 4). I disagree.

¶14  As Division One of our court articulated in *State v. Dana*, luring requires something more than a mere invitation; luring also requires "some other enticement or conduct constituting an enticement (or attempted enticement)." 84 Wn. App. 166, 175, 926 P.2d 344 (1996), *review denied*, 133 Wn.2d 1021 (1997). Words are sufficient to constitute an enticement. *Dana*, 84 Wn. App. at 176 ("The enticement accompanying the invitation, be it conduct *or words* . . . ." (emphasis added)). With his words, Homan impliedly invited the child to a "structure . . . obscured from or inaccessible to the public." RCW 9A.40.090(1)(a). Homan stated that he had candy in his house and asked the child if he wanted some. Although Homan did not expressly ask the child to come to his house, a rational trier of fact could find beyond a reasonable doubt that Homan invited the child to his house to receive the offered candy.

¶15  This inference is further compelling when viewed in light of the rules that (1) circumstantial evidence receives the same consideration as direct evidence; (2) direct evidence is not essential where reasonable inferences can be drawn from substantial evidence; and (3) we view the evidence in the light most favorable to the State. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980); *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). That Homan kept on riding his bicycle when the child did not respond does not eradicate Homan's luring invitation. Furthermore, Homan's offer of candy met the statutory requirement of

enticement, even though it was unsuccessful in attracting this particular child. *See Dana*, 84 Wn. App. at 175-76, 169.

¶16 I would hold that the evidence is sufficient to uphold Homan's conviction of luring.[1]

¶17 I would affirm.

Review granted at 177 Wn.2d 1022 (2013).

---

[1] Because the majority reverses Homan's conviction for lack of sufficient evidence, it does not address his constitutional argument that RCW 9A.40.090 is overbroad. Because I would affirm, it is appropriate to comment on the constitutionality issue to show that affirming based on the sufficiency of evidence would not be futile. Without engaging in a full analysis, I touch on a few highlights.

I agree with Division One's constitutional analysis in *Dana* that the luring statute's limitation on protected speech is minimal when balanced against the legislature's objective to protect children and the developmentally disabled from predators. To support this point, *Dana* focused on the statutory requirements:

> [L]uring and inviting are not the same. Luring requires something more than an invitation. The enticement accompanying the invitation, be it conduct or words, for example, sufficiently narrows the scope of the statute in relation to its plainly legitimate sweep. In any event, even if this statute results in strangers failing to offer children rides home in the rain—avoiding getting wet being the inducement—the risk to children from contact with strangers outweighs any perceived harm.

*Dana*, 84 Wn. App. at 175-76. In other words, a mere verbal invitation is not enough; it must be coupled with enticement, namely using something pleasurable to attract the child to come to the private place. *See Dana*, 84 Wn. App. at 175; WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 757 (1976) (definition of "entice").

Homan's proposed hypothetical—that a teenager offering an invitation to her peers to come back to her house for cupcakes could be found guilty of luring—is highly unlikely and, thus, does not pose a viable constitutional challenge. On the contrary, in addition to the above requirements, the statute expressly provides a defense for innocent conduct:

> It is a defense to luring, which the defendant must prove by a preponderance of the evidence, that the defendant's actions were reasonable under the circumstances and the defendant did not have any intent to harm the health, safety, or welfare of the minor or the person with the developmental disability.

RCW 9A.40.090(2). Moreover, prosecuting attorneys are vested with discretion to decide whether particular conduct meets the statutory criteria and, if so, whether to file criminal charges. "This 'most important prosecutorial power' allows for the consideration of individual facts and circumstances when deciding whether to enforce criminal laws, and permits the prosecuting attorney to seek individualized justice." *State v. Rice*, 174 Wn.2d 884, 901-02, 279 P.3d 849 (2012) (quoting ANGELA J. DAVIS, ARBITRARY JUSTICE: THE POWER OF THE AMERICAN PROSECUTOR 22 (2007)).

Clearly Homan's conduct was not an exercise of innocent free speech. Rather his conduct constituted the very type of potential child endangerment that the legislature sought to curtail with the luring statute—to protect those who because of tender years or developmental delay cannot protect themselves—with minimal, if any, infringement on protected speech.